UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | 1:12-cr-00160-JAW |
| | ) | |
| MALCOLM A. FRENCH, et al. | ) | |

**ORDER ON DEFENDANTS' MOTION TO PROHIBIT THE APPLICATION OF SCHEDULE I OF THE CONTROLLED SUBSTANCES ACT TO THE SENTENCING OF THE DEFENDANTS**

The Defendants in this marijuana manufacturing and distribution case seek to re-litigate an argument defendants have already won. Claiming that the congressional determination that marijuana is a schedule I drug is irrational and arbitrary when applied to their sentencings, the Defendants urge the Court to allow them to present evidence that the schedule I classification in the Controlled Substances Act (CSA) should be struck down as unconstitutional. Because in *United States v. Booker*, 543 U.S. 220 (2005), the United States Supreme Court ruled that the United States Sentencing Guidelines (U.S.S.G.) are advisory and because in *Kimbrough v. United States*, 552 U.S. 85 (2007), the Supreme Court ruled that a sentencing judge may impose a sentence based on a policy disagreement with the Guidelines, the Defendants are free to present evidence and argue at sentencing that the statutory classification of marijuana as expressed in the Guidelines is unwise and punitive and that their marijuana-based crimes merit leniency. As the Defendants already have the right to ask for leniency due to what they contend is a

misclassification of marijuana, the Court does not reach whether the United States and Maine Constitutions would accord the Defendants a right they already have.

## I.     BACKGROUND

On September 14, 2012, a federal grand jury indicted Kendall Chase, Malcolm French, Haynes Timberland, Inc. and Rodney Russell for a set of federal crimes. *Indictment* (ECF No. 2). On November 13, 2013, a grand jury issued a superseding indictment against Kendall Chase for conspiracy to manufacture 1,000 or more marijuana plants, manufacturing 1,000 or more marijuana plants, and conspiracy to distribute and possess with the intent to distribute marijuana. *Superseding Indictment* (ECF No. 187). The grand jury also indicted Mr. Russell for conspiracy to manufacture 1,000 or more marijuana plants, manufacturing 1,000 or more marijuana plants, maintaining a drug-involved place, harboring illegal aliens, and conspiracy to distribute and possess with the intent to distribute marijuana. *Id*. In addition, the grand jury indicted Malcolm French for conspiracy to manufacture 1,000 or more marijuana plants, manufacturing 1,000 or more marijuana plants, managing and controlling a drug-involved place, harboring illegal aliens, and conspiracy to distribute and possess with the intent to distribute marijuana. *Id*. Finally, the grand jury also indicted Haynes Timberland, Inc. for managing and controlling a drug-involved place.[1] *Id*.

The case went to trial from January 8, 2014 through January 24, 2014. On January 24, 2014, the jury returned verdicts finding Malcolm French, Rodney

---

[1]     Haynes Timberland, Inc. was a business entity owned in part by Malcolm French. *Partial Tr. of Proceedings* 106:12-15 (ECF No. 362).

Russell, and Kendall Chase guilty of engaging in a conspiracy to manufacture marijuana, finding Malcolm French and Rodney Russell guilty of manufacturing marijuana, finding Malcolm French, Rodney Russell, and Haynes Timberland, Inc. guilty of managing or controlling a drug-involved premises, finding Malcolm French and Rodney Russell guilty of harboring illegal aliens, and finding Malcolm French, Rodney Russell, and Kendall Chase guilty of engaging in a conspiracy to distribute marijuana. *Jury Verdict Form* (ECF No. 311). The jury expressly found that the number of marijuana plants involved in the conspiracy count and the manufacturing count for Mr. French and Mr. Russell was 1,000 or more. *Id.* It made no such finding as to Mr. Chase.

On March 12, 2015, Mr. Russell, Mr. French, and Mr. Chase filed a single motion to prohibit the application of schedule I of the CSA to their upcoming sentencing. *Defs.' Mot. to Prohibit the Appl. of Schedule I of the Controlled Substance Act to the Sentencing of the Defs.* (ECF No. 483) (*Defs.' Mot.*). Haynes Timberland, Inc. joined the Defendants' motion on March 16, 2015. *Def. Haynes Timberland, Inc.'s Joinder in Def. Chase's Mot. to Prohibit Appl. of Schedule I of the Controlled Substances Act to the Sentencing of the Defs.* (ECF No. 485). Also on March 16, 2015, the Government filed its response in opposition. *Gov't's Objection to the Defs.' Mot. to Prohibit Appl. of Schedule I of the Controlled Substances Act to the Sentencing of the Defs.* (ECF No. 484) (*Gov't's Opp'n*). Mr. French replied on March 24, 2015. *Def. Malcolm French's Reply to Gov't's Objection to Defs.' Mot. to Prohibit the Appl. of Schedule I of the Controlled Substances Act to the Sentencing of the Defs.* (ECF No.

3

491) (*French Reply*). Likewise, Mr. Chase replied on April 13, 2015. *Def. Chase's Reply to the Gov't's Resp. Regarding the Schedule I Challenge* (ECF No. 495) (*Chase Reply*). Finally, on April 20, 2015, the Government submitted a letter to the Court in further support of its opposition, including a copy of a recent order from the United States District Court for the Eastern District of California. *Letter from the Gov't to the United States Dist. Ct.* (ECF No. 497).

## II.   THE PARTIES' POSITIONS

### A.   Defendants' Motion

Defendants argue that while marijuana is classified as a schedule I drug under the CSA, schedule I should not apply to them during their upcoming sentencing because marijuana is "a plant that has been accepted as having medical use in 23 states and the District of Columbia and completely legalized in 3 states," and if applied to them, would violate their constitutional rights. *Defs.' Mot.* at 1. Specifically, they contend that "the continued inclusion of marijuana in Schedule I . . . and the criminal consequences of this inclusion violate the Equal Protection Clause." *Id.* at 3-16 (punctuation altered). Defendants request not only that the Court apply strict scrutiny in evaluating the law (and find that the law fails this heightened standard), but also that it "dismiss the indictment in this case." *Id.* at 5-6. In the alternative, they argue that the law does not even satisfy the lowest level of scrutiny under rational basis review. *Id.* at 6-15.

Regardless of the level of scrutiny applied by the Court, Defendants also request an evidentiary hearing based on the following:

4

> An evidentiary hearing is necessary to determine the question of whether the CSA survives this Court's equal protection scrutiny in this case because there is a factually material difference between the Government's position under the CSA that marijuana ought to be classified under Schedule I and the data provided with this Motion about the medical benefits of marijuana, which increases daily as Congress and the DOJ permits states to enact medical marijuana laws without repercussions. Defendants request that this evidentiary hearing be held as part of the sentencing hearing in this matter.[2]

*Id.* at 15.

Defendants also contend that "equal sovereignty of states is being violated." *Id.* at 16 (punctuation altered) (citing *Shelby Cnty., Ala. v. Holder*, 133 S. Ct. 2612 (2013)). Said another way, Defendants claim that "[t]he disparate prosecution of crimes based on violations of the CSA's scheduling of marijuana as a Schedule I drug violates" this equal sovereignty principle. *Id.* at 17 (citing memoranda issued by the Deputy Attorney General advising prosecutorial discretion relating to marijuana). Finally, they assert that the "DEA's interpretive ruling that marijuana lacks 'currently accepted medial uses' is a violation of the doctrine of separation of powers." *Id.* at 18.

### B.    Government's Opposition

The Government argues that the Court should not address the merits of the Defendants' motion given the "late stage of the proceedings."[3]  *Gov't's Opp'n* at 1.

---

[2]    In support of their motion, Defendants attached (1) a copy of an affidavit filed by Dr. Philip A. Denney in a 2011 case in the Eastern District of California (discussing the benefits of medical marijuana), (2) a memorandum issued by former Deputy Attorney General David W. Ogden to select United States Attorneys in 2009 (guidance on federal prosecutions of medical marijuana users), (3) a copy of the text of the Consolidated and Further Continuing Appropriations Act, 2015, and (4) a memorandum issued by former Deputy Attorney General James M. Cole to all United States attorneys in 2013 (guidance regarding marijuana enforcement). *Defs.' Mot.* Attachs. 1-4.

[3]    The Government noted that if the Court chose to address the merits of the Defendants' motion, it requested four weeks to "file a more thorough response." *Gov't's Opp'n* at 3-4. Given that the Court

5

That is, according to the Government, "while the superseding indictment alleged several offenses involving the Schedule I controlled substance marijuana, the defendants elected not to file a motion to dismiss or a motion to arrest judgment and the time to do so has long since passed." *Id.* at 2 (citing FED. R. CRIM. P. 12(b)(3)(B), 34).

Addressing the Defendants' constitutional arguments, the Government says that "[i]n the forty-five year history of the CSA, each argument has been rejected." *Id.* (citing various caselaw in the context of denials of motions to dismiss). As regards the Defendants' request for an evidentiary hearing, the Government objects to their request as, in its view, "[t]he issue is irrelevant to the imposition of sentence." *Id.* at 3.

### C. Mr. French's Reply

Mr. French replies that "there is nothing improper about considering these constitutional issues at the sentencing stage of the proceedings in this case." *French Reply* at 1. Mr. French asserts that "[t]he Controlled Substances Act is expressly referenced in the very sentencing provision mentioned in the Government's Objection Motion and the very heart of Defendants' Motion makes clear that treating marijuana as a Schedule I controlled substance for sentencing purposes lacks any rational basis." *Id.* at 1-2. Mr. French claims that "treating marijuana as a Schedule I substance under the Controlled Substances Act . . . is the basis for the strict sentencing provisions Defendants seek to prohibit." *Id.* at 2. In addition, he counters

---

has ruled in favor of the Government based on the filings and evidence before it, a "more thorough response" is unnecessary. *See* Section III, *infra*.

6

that "Defendants are not asking this Court to consider a fruitless issue that has been addressed and denied by multiple courts, but instead are raising new issues about the continued irrational treatment of marijuana as a schedule I substance in light of" medical evidence and the Government's position on medical marijuana. *Id.* (emphasis in original).

      **D.**    **Mr. Chase's Reply**

On behalf of all the Defendants, Mr. Chase clarified that they do not seek the remedies associated with a motion to dismiss or a motion in arrest of judgment, but rather, their argument is that they "should not be penalized under a sentencing framework which is unconstitutionally unsound." *Chase Reply* at 1-2. He also cites caselaw for the proposition that "there seems to be no recognized time constraints on raising the issue of an unconstitutional sentencing scheme." *Id.* at 4. In sum, Mr. Chase explains they are asking the Court "to prohibit application of Schedule I and with it the use of Schedule I to determine the base offense levels." *Id.*

**III.**    **DISCUSSION**

      **A.**    **The Defendants' Requested Relief**

In their original motion, the Defendants demanded that the Court "dismiss the indictment in this case." *Defs.' Mot.* at 6. However, in response to the Government's contention that the time for filing a motion to dismiss had long since passed, the Defendants clarified that they are not seeking dismissal of the indictment nor an arrest of judgment. In his reply, Mr. Chase states that "[t]he defendants seek neither of these remedies." *Chase Reply* at 2. Instead, the Defendants ask the Court "not to

7

sentence the defendants using Schedule I as its guidepost for application of the United States Sentencing Guideline." *Id.*

### B.      The Defendants' Requested Relief and the Statutes

The Defendants' narrowing of their claim has two practical effects. First, Mr. French and Mr. Russell face a ten-year mandatory minimum term of incarceration and a maximum term of life. The statutory provisions for the marijuana-based crimes for which Mr. French and Mr. Russell were convicted, namely, violations of 21 U.S.C. §§ 841(a)(1) and 846, engaging in a conspiracy to manufacture 1,000 or more marijuana plants and manufacturing 1,000 or more marijuana plants, remain unchallenged, and therefore, the statutory penalty for Mr. French and Mr. Russell for these crimes is a ten-year minimum term of incarceration and up to life imprisonment. 21 U.S.C. § 841(b)(1)(A)(vii) ("[A]ny person who violates subsection (a) of this section shall be sentenced as follows: In the case of a violation of subsection (a) of this section involving—1000 kilograms or more of a mixture or substance containing a detectable amount of marihuana, or 1000 or more marihuana plants regardless of weight . . . such person shall be sentenced to a term of imprisonment which may not be less than 10 years or more than life"). As the jury determined that Mr. Chase was involved in a conspiracy that involved 1,000 or more marijuana plants but did not find that he was individually responsible for a particular number of plants, it is an open question whether he is subject to a maximum term of life under § 841(b)(1)(A) or a twenty-year maximum under § 841(b)(1)(C). *See United States v. Razo*, No. 13-2176, 2015 WL 1455076 (1st Cir. Apr. 1, 2015). As the Presentence

8

Report in Mr. Chase's case lists a twenty-year maximum and there was no objection from the Government, the Court assumes for purposes of this opinion that Mr. Chase faces a twenty-year maximum and no minimum under § 841(b)(1)(C).

### C.     The Defendants' Requested Relief and the Guidelines

The second practical effect is that it obviates the Defendants' constitutional claims.  The Guidelines explain the relationship between statutory provisions and the drug quantity tables.  In application note 8 of U.S.S.G. § 2D1.1, the Sentencing Commission wrote that it "has used the sentences provided in, and equivalences derived from, the statute (21 U.S.C. § 841(b)(1)), as the primary basis for the guideline sentences."  U.S.S.G. § 2D1.1 n.8(A).  The Commission further explained that "[t]he base offense levels in § 2D1.1 are either provided directly by the Anti-Drug Abuse Act of 1986 or are proportional to the levels established by statute."  *Id*. *Background*.  The Commission stated that "Levels 30 and 24 in the Drug Quantity Table are the distinctions provided by the Ant-Drug Abuse Act; however, further refinement of drug amounts is essential to provide a logical sentencing structure for drug offenses."  *Id*.

Thus, the five-year and ten-year mandatory statutory minimums correspond to base offense levels 24 and 30 respectively; however, the Commission noted that "level 30 ranges from 97 to 121 months, where the statutory minimum term is ten years or 120 months."  *Id*.  In other words, in fixing the base offense level of 30 (Guideline range of 97 to 121 months for a criminal history category I) for 1,000 kilograms of marijuana, the Commission placed into effect the dictates of § 841(b)(1)(A)(vii), which requires a ten-year mandatory minimum for 1,000 kilograms

9

of marijuana. Similarly, the base offense level of 24 (Guideline range of 51 to 63 months for a criminal history category I) for 100 but less than 400 kilograms of marijuana, the Commission placed into effect the dictates of § 841(b)(1)(B)(vii), which imposes a mandatory five-year minimum for 100 kilograms of marijuana.

For schedule I substances like marijuana, Congress did not expressly reference the drug's schedule classification in fixing the statutory penalties. *Compare* 21 U.S.C. § 812(c) (schedule I listed drugs), *with id.* § 841(b)(1)(A)(i)-(viii). But the statute expressly mentions the drug schedule in addressing other penalties. *See, e.g.*, *id.* § 841(b)(1)(C) ("In the case of a controlled substance in schedule I or II . . . ."); *id.* § 841(b)(1)(E)(i) ("[I]n the case of any controlled substance in schedule III . . . ."); *id.* § 841(b)(1)(E)(2) ("In the case of a controlled substance in schedule IV . . . ."). Accordingly, the Court accepts that the Defendants are correct in asserting that the congressional determination that marijuana is a schedule I drug has had a direct impact on the base offense level calculations in their cases.

### D.    The Constitutional Argument, the Sentence and *Kimbrough*

Once the Defendants declined to wage a frontal assault against the constitutionality of the statute itself, their argument—namely, that in determining their sentences, the Court should take into account their contention that the Guidelines treat marijuana too harshly in light of recent developments in this country—has already been decided in their favor, albeit with crack cocaine, not marijuana. In 2005, in the seminal case of *United States v. Booker*, the United States Supreme Court instructed the district courts to read the Guidelines as "effectively

advisory." 543 U.S. at 245. Following *Booker*, in *Kimbrough v. United States*, the United States Supreme Court ruled that a district judge has the authority to "impose a non-Guidelines sentence based on a disagreement with the [Sentencing] Commission's views." *Pepper v. United States*, 131 S. Ct. 1229, 1247 (2011) (citing *Kimbrough*, 552 U.S. at 109-10). As the First Circuit has said, "post-*Booker*, a judge may vary from the [Guideline sentence range], disagreeing with details or even major premises." *United States v. Prosperi*, 686 F.3d 32, 48 (1st Cir. 2012). The sentencing judge's authority goes beyond the right to make "'an individualized determination that [the Guidelines] yield an excessive sentence in a particular case,'" but also extends to the right to vary from the Guidelines "'based on *policy* disagreement with them.'" *United States v. Stone*, 575 F.3d 83, 89 (1st Cir. 2009) (quoting *Spears v. United States*, 129 S. Ct. 840, 843 (2009)) (emphasis in *Spears*).

Once the undoubted authority of this Court to impose a non-Guideline sentence based on policy disagreements with the Commission is established, it follows that the Defendants have the right at the time of the sentencing hearing to present their evidence and arguments to the Court about the unnecessary harshness of the marijuana base offense levels as calculated in their cases. In fact, the Court typically takes into account at every drug crime sentencing the type of drug that a defendant has been convicted of manufacturing or distributing as part of its assessment of the nature and circumstances of the offense under 18 U.S.C. § 3553(a)(1), which requires a sentencing court to consider the "nature and circumstances of the offense" along with other factors in imposing sentence. At the presentence conference in these cases,

11

the Court will discuss with counsel for the Defendants and the Government the evidence that the Defendants and the Government may wish to present on this issue.

As the merits of the Defendants' positions may be addressed under current law without raising constitutional concerns, the Court adopts the long-held view that a court should avoid basing its decision on a constitutional issue if the matter may be otherwise resolved. *Vaqueria Tres Monjitas, Inc. v. Pagan*, 748 F.3d 21, 26 (1st Cir. 2014) (explaining that in accordance with the doctrine of constitutional avoidance, "'federal courts are not to reach constitutional issues where alternative grounds for resolution are available'") (quoting *Am. Civil Liberties Union v. United States Conference of Catholic Bishops*, 705 F.3d 44, 52 (1st Cir. 2013)).

## IV.  CONCLUSION

The Court DENIES Defendants' Motion to Prohibit the Application of Schedule I of the Controlled Substance Act to the Sentencing of the Defendants (ECF No. 483).

SO ORDERED.

/s/ John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR.
UNITED STATES DISTRICT JUDGE

Dated this 28th day of April, 2015