UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. 1:12-cr-00160-JAW-1 |
| | ) | |
| MALCOLM FRENCH | ) | |

**ORDER ON MOTION TO REDUCE SENTENCE**

The court dismisses without prejudice an inmate's motion to reduce his sentence under Amendment 821 of the United States Sentencing Guidelines. The court concludes that the defendant is ineligible for a two-level reduction under U.S.S.G. § 4C1.1 because he received an aggravating role enhancement under U.S.S.G. § 3B1.1(a) at his sentencing hearing.

**I.   BACKGROUND**

On September 14, 2012, a federal grand jury indicted Malcolm French for one count of criminal conspiracy to manufacture 1,000 or more marijuana plants, an alleged violation of 21 U.S.C. § 841(a)(1) and 21 U.S.C. § 846; one count of aiding and abetting the manufacture of 1,000 or more marijuana plants, an alleged violation of 21 U.S.C. § 841(a)(1); two counts of aiding and abetting the maintaining of a drug-involved place, alleged violations of 21 U.S.C. § 856(a)(1), (2); and three counts of aiding and abetting the harboring of illegal aliens, alleged violations of 8 U.S.C. § 1324(a)(1)(A)(iii). *Indictment* (ECF No. 2). On November 1, 2013, the grand jury issued a superseding indictment including the initial seven counts and adding an additional count of conspiracy to distribute and possess with intent to distribute marijuana, an alleged violation of 21 U.S.C. § 841(a)(1) and 21 U.S.C. § 846.

*Superseding Indictment* (ECF No. 187). At the conclusion of a twelve-day jury trial held from January 8, 2014 to January 24, 2014, the jury issued a guilty verdict on all eight counts. *Jury Verdict* (ECF No. 311).

On April 21, 2016, the Court sentenced Mr. French to 175 months of concurrent incarceration on Counts I, II, III, IV, and XI, and sixty months of concurrent incarceration on Counts VII, VIII, and IX; five years of concurrent supervised release on Counts I and II and three years of concurrent supervised release on Counts III, IV, VII, VIII, IX, and XI; a criminal fine on Count I of $100,000; no restitution; and an aggregate amount of $800 in special assessments. *J.* (ECF No. 659). According to the Bureau of Prisons' website, Mr. French currently resides in FMC Devens in Avon, Massachusetts, where he is scheduled for release on July 31, 2026. *See Inmate Locator*, BUREAU OF PRISONS, https://www.bop.gov/inmateloc/ (last visited 8/16/2024).

On December 7, 2020, Mr. French filed a motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A)(ii), which he supplemented with an additional attachment the following day. *Def.'s Mot. for Compassionate Release* (ECF No. 883); *Decl. of Andrew Dixon* (ECF No. 886). On December 17, 2020, the Government filed a motion opposing Mr. French's motion for compassionate release. *Gov't's Resp. in Opp'n to Def.'s Mot. for Compassionate Release* (ECF No. 898). Mr. French replied on December 21, 2020. *Def.'s Reply to Gov't's Resp. in Opp'n to Mot. for Compassionate Release* (ECF No. 900). On May 6, 2021, the Court issued a thirty-seven-page order, dismissing Mr. French's motion without prejudice. *Order on Mot. for Compassionate Release* (ECF No. 933).

Mr. French filed an emergency motion for compassionate release on June 21, 2022, citing health concerns posed by the Omicron variant of the COVID-19 virus. *Def.'s Emergency Mot. for Compassionate Release* (ECF No. 951). The Government again opposed his release on July 6, 2022. *Gov't's Resp. in Opp'n to Def.'s Emergency Motion for Compassionate Release* (ECF No. 952). Mr. French replied to the Government's opposition on July 21, 2022. *Def.'s Reply to Gov't's Resp. in Opp'n to Mot. for Compassionate Release* (ECF No. 953). The Court issued an order dismissing the emergency denomination of the motion on July 25, 2022, and subsequently dismissed the motion without prejudice on December 15, 2022. *Order Dismissing Emergency Denomination* (ECF No. 954); *Order on Mot. for Compassionate Release* (ECF No. 955).

On November 1, 2023, in response to the United States Sentencing Commission's amendments made to the United States Sentencing Guidelines, Mr. French filed a motion seeking a sentence reduction pursuant to 18 U.S.C. § 3582(c)(1)(A) and appointment of counsel to assist in presenting his arguments. *Def.'s Mot. for Reduction of Sentence and Appointment of Counsel* (ECF No. 957). Mr. French argued that the decision of the Supreme Court in *Concepcion v. United States*, 597 U.S. 581 (2022), granting discretion to district courts to make such a reduction, and amendments to § 1B1.13 of the U.S. Sentencing Guidelines, warranted a reduction in his sentence of incarceration. *Id.* at 1-22. Prompted by this motion, the United States Probation Office (PO) reviewed Mr. French's case and on November 2, 2022 submitted a report declaring Mr. French ineligible for a sentence reduction

under the amended guidelines. *Report Pursuant to Amend. 821 to the U.S. Sent'g Guidelines for <u>Ineligible</u> Defendant* (ECF No. 958) (*PO Report*). The following day, the PO submitted an amended report reaching the same conclusion. *Am. Report Pursuant to Amend. 821 to the U.S. Sent'g Guidelines for <u>Ineligible</u> Def.* (ECF No. 960) (*Am. PO Report*).

On November 6, 2023, the Magistrate Judge appointed counsel to assist Mr. French with his motion for sentence reduction. *Order Appointing Counsel Pursuant to 18 U.S.C. § 3582(c)(2)* (ECF No. 961). Shortly thereafter, on November 17, 2023, counsel for Mr. French objected to the amended PO Report and moved for a sentence reduction pursuant to Amendment 821 of the U.S. Sentencing Guidelines. *Def.'s Obj. and Mot. for a Sentence Reduction Pursuant to Amend. 821* (ECF No. 965) (*Def.'s Mot.*). On February 5, 2024, the Government opposed Mr. French's motion for sentence reduction, arguing that Mr. French did not qualify for the two-point reduction under the revised Sentencing Guidelines and, thus, that his motion should be denied. *Gov't's Resp. in Opp'n to French's Mot. for a Sentence Reduction Pursuant to Amend. 821* (ECF No. 971) (*Gov't's Opp'n*).

## II.   DISCUSSION

### A.   The Sentencing Guideline Calculations and Amendment 821

#### 1.   The Court's Guideline Findings

Mr. French predicates his motion on Amendment 821 to the Sentencing Guidelines. In the motion, Mr. French stated that "the amendment adds a new Section 4C1.1, which reduces by two offense levels the guideline range for defendants

with zero criminal history points. . . [which] is not available under this provision to a defendant if one of the nine exceptions stated in the new guidelines applies." *Def.'s Mot.* at 1. According to Mr. French, the PO misinterpreted the Guidelines' language in determining that he is ineligible for the two-point reduction. *Id*. at 3-15. However, despite Mr. French's argument, for the reasons the Court explains in this order, he remains ineligible for a sentence reduction under Amendment 821.

At his sentencing hearing on April 21, 2016, the Court made its guideline calculations and determined that Mr. French's total offense level was 34 and fixed his criminal history as Category I, resulting in a guideline sentence range of 151 to 188 months, five years of supervised release, a fine from $17,500 to $10,000,000, and a $100 special assessment per count. *Statement of Reasons* (ECF No. 660), Attach. 1, *Findings Affecting Sentence*.

Mr. French received a guideline enhancement of four levels under United States Sentencing Guideline § 3B1.1(a) because he was the organizer or leader of an extensive criminal activity. *Id.* ¶ 3. The factual basis for this enhancement was that Mr. French recruited at least seven migrant workers to assist with the criminal enterprise, as well as directing the activities of at least four other members of the conspiracy. *PO Compassionate Release Request Inmate Data*, (ECF No. 889), Attach. 3, *Third Revised Presentence Investigation Report* ¶ 40. Mr. French also received an enhancement of two levels for obstruction of justice relating to his willful attempts to impede the administration of justice in his case based on his false trial testimony. *Id.*

¶ 31; *Statement of Reasons* (ECF No. 660), Attach. 1, *Findings Affecting Sentence* ¶ 3.

### 2. Amendment 821 and *United States v. Dillon*

On April 27, 2023, the United States Sentencing Commission voted to publish Amendment 821 to the Sentencing Guidelines; this new version of the Guidelines took effect on November 1, 2023. *Def.'s Mot.* at 1. Amendment 821 added Section 4C1.1, which, in relevant part, allows for a two-level reduction for so-called Zero-Point Offenders. *See* U.S.S.G. § 4C1.1(a) (2023) (amended 2024). To be eligible for such a reduction, a defendant must "meet[] all of the following criteria" listed in U.S.S.G. § 4C1.1(a). *Id*. Mr. French posits that he qualifies for the two-level reduction under U.S.S.G. § 4C1.1(a), which he argues should be retroactively applied to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(2). *Def.'s Mot.* at 15.

In *United States v. Dillon*, 560 U.S. 817 (2010), the United States Supreme Court described the basis for a sentence reduction as a "two-step inquiry." *Id*. at 826. "At step one, § 3582(c)(2) requires the court to follow the Commission's instructions in § 1B1.10 to determine the prisoner's eligibility for a sentence modification and the extent of the reduction authorized." *Id*. at 827. "At step two of the inquiry, § 3582(c)(2) instructs a court to consider any applicable § 3553(a) factors and determine whether, in its discretion, the reduction authorized by reference to the policies relevant at step one is warranted in whole or in part under the particular circumstances of the case." *Id*.

### B.  U.S.S.G. § 4C1.1 Is Unavailable

#### 1.  The U.S.S.G. § 4C1.1 Analysis, Including § 4C1.1(a)(10)

As instructed in *Dillon*, beginning with U.S.S.G. § 1B1.10, the Guidelines provide that "[a] reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. § 3582(c)(2)" if the amendment is not "applicable to the defendant" or "does not have the effect of lowering the defendant's applicable guideline range." U.S.S.G. § 1B1.10(a)(2).

As Mr. French had no criminal history points, *Am. PO Report* at 1, he remains eligible for the two-level reduction if he meets all the other criteria set out by the Amendment. *See* U.S.S.G. § 4C1.1(a) (2023) (amended 2024) (listing 10 criteria). Neither party disputes that Mr. French meets the first 9 criteria. The issue arises at the tenth.

#### 2.  Malcolm French's Position Regarding § 4C1.1(a)(10)

At the time Mr. French filed his motion, one criterion, § 4C1.1(a)(10), permitted the reduction only for Zero-Point offenders that "did not receive an adjustment under § 3B1.1 (Aggravating Role) and was not engaged in a continuing criminal enterprise, as defined in 21 U.S.C. § 848." U.S.S.G. § 4C1.1(a)(10) (2023) (amended 2024). Mr. French received a four-level enhancement under U.S.S.G. § 3B1.1(a) but was not engaged in a continuing criminal enterprise. Therefore, he contends, he meets the final criterion.

Mr. French characterizes the legal issue as:

> [W]hether the "and" in §4C1.1(a)(10) means that a defendant meets the criteria for a two-level reduction so long as he does not have both a §3B1.1 adjustment *and* a §848 conviction, or whether the "and" means "or," so that a defendant is eligible only if he does not have either a §3B1.1 adjustment *or* a § 848 conviction.

*Def.'s Mot.* at 6 (emphasis in original). "The Probation Office argues for the latter interpretation, and French, the former." *Id.*

Mr. French raises several distinct arguments in support of his interpretation of the statute. First, he makes textual arguments based on the dictionary definition and plain meaning of the word "and" as a conjunction that "combines," which in this context "mean[s] *every* requirement must be met." *Id.* at 8 (emphasis in original). After offering grammatical examples, French supplements his textual analysis by citing the use of "or" elsewhere in the statute and invoking the meaningful variation canon of statutory interpretation to argue Congress' intentional use of "and" in § 4C1.1(a)(10) should not be rewritten by the courts in the interest of achieving policy goals. *Id.* at 8-12. Mr. French argues in the alternative that should "and" be considered sufficiently ambiguous to possibly mean "or" in the context of this statute, the rule of lenity militates against interpreting the statute against a criminal defendant. *Id.* at 12-14.

### 3. The Government's § 4C1.1(a)(10) Response

In its response, the Government contends "French is not eligible for relief under the new 'zero-point offender' amendment because he received an aggravating role enhancement at sentencing," and that his interpretation "is inconsistent with the plain text of the guidelines and has been uniformly rejected by the courts." *Gov't.'s Opp'n* at 4-5 (citing U.S.S.G. § 4C1.1(a)(10) (2023) (amended 2024)). The Government

8

notes that, under § 4C1.1, "a defendant must satisfy 'all' of the guideline's criteria in order to obtain relief." *Id.* at 5 (citing U.S.S.G. § 4C1.1(a) (2023) (amended 2024)). Thus, according to the Government, to be eligible for a sentence reduction, Mr. French must show he did not receive the aggravated role enhancement under § 3B1.1 and he was not engaged in a continuing criminal enterprise as defined in 21 U.S.C. § 848. After explaining in practical terms why a disjunctive reading of the statute produces an absurd result, the Government cites numerous examples of federal courts agreeing with its reading, including this district in *United States v. Gordon*, No. 1:19-cr-00007-JAW, 2023 U.S. Dist. LEXIS 220543 (D. Me. Dec. 12, 2023).

In *Gordon*, the Court determined that "Section 4C1.1(a) requires that the defendant meet 'all of the following criteria,' including that he did not receive an aggravating role enhancement under § 3B1.1 <u>and</u> that he was not engaged in a continuing criminal enterprise as defined in 21 U.S.C. § 848." *Id.* at 7-8 (emphasis in original). As Mr. French "does not dispute that he received a four-level leadership enhancement under U.S.S.G. § 3B1.1(a) with respect to his participation in the underlying offense," the Government contends he is "he is ineligible for relief under §4C1.1(a)(10) and his motion for a sentence reduction should be denied." *Gov't.'s Opp'n* at 7.

## III.   DISCUSSION

While informative, the parties' arguments regarding the proper interpretation of Amendment 821 rely on outdated law and are inapposite. On May 3, 2024, the United States Sentencing Commission submitted additional amendments to the

9

Sentencing Guidelines to Congress. *See* Sentencing Guidelines for U.S. Courts, 89 Fed. Reg. 36,853 (proposed May 3, 2024) (*2024 Amendments*). These amendments entered into effect on November 1, 2024. *See* U.S.S.G. § 4C1.1(a) (2024) (amending U.S.S.G. § 4C1.1 (2023)). In relevant part, these amendments separated the criteria formerly contained within §4C1.1(a)(10), the provision at issue here, into two subsections. *Id*. Thus, the Guidelines now read, in relevant part:

> (10) the defendant did not receive an adjustment under §3B1.1 (Aggravating Role); and
>
> (11) the defendant was not engaged in a continuing criminal enterprise, as defined in 21 U.S.C. § 848;

*Id*. In giving its reason for the amendment, the Sentencing Commission explained it made this "technical, stylistic, and other non-substantive change[] . . . [t]o clarify the Commission's intention that a defendant is ineligible for the adjustment if the defendant meets either of the disqualifying conditions in the provision." *2024 Amendments* at 36,866.

Settled law of the First Circuit holds that "Guideline amendments are applied retroactively if they clarify a Guideline but are not so applied if they substantively change a Guideline." *United States v. Sanchez*, 81 F.3d 9, 12 (1st Cir. 1996) (collecting cases). Applying the revised text within § 4C1.1(a) to Mr. French's case, he clearly remains ineligible for a sentence reduction.[1] Mr. French admits he "did receive an

---

[1] The textual revision of U.S.S.G. § 4C1.1(a) also resolves Mr. French's assertions regarding the rule of lenity, as this narrow doctrine applies only to ambiguous statutes. *United States v. Ahlers*, 305 F.3d 54, 62 (1st Cir. 2002) ("But the *sine qua non* for the rule's application is genuine ambiguity, and a statute is not ambiguous simply because litigants (or even an occasional court) question its interpretation") (citing *United States v. Nippon Paper Indus. Co.*, 109 F.3d 1, 8 (1st Cir. 1997). As amended, U.S.S.G. § 4C1.1(a) contains no ambiguity and, thus, the rule of lenity is inapplicable.

adjustment under § 3B1.1." *Def.'s Mot.* at 2. As § 4C1.1(a) requires a defendant to meet "all of the following criteria," and he fails to meet one of them, the amendment "does not have the effect of lowering the defendant's applicable guideline range." U.S.S.G. § 4C1.1(a) (2024) (amending U.S.S.G. § 4C1.1 (2023)); U.S.S.G. § 1B1.10(a)(2). As Mr. French cannot meet the first step of the inquiry under *Dillon*, it is irrelevant whether he can meet the second. *Dillon*, 560 U.S. at 827 ("Because reference to § 3553(a) is appropriate only at the second step of this circumscribed inquiry, it cannot serve to transform the proceedings under § 3582(c)(2) into plenary resentencing proceedings").

## IV. CONCLUSION

The Court DISMISSES without prejudice Malcolm French's Objection and Amended Motion for a Sentence Reduction Pursuant to Amendment 821 (ECF No. 965).

SO ORDERED.

/s/ John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR.
UNITED STATES DISTRICT JUDGE

Dated this 4th day of November, 2024.